# In the United States Court of Federal Claims

No. 25-81

Filed: January 28, 2025

---

**MICHELLE A. GARDNER,**

*Plaintiff*,

v.

**THE UNITED STATES,**

*Defendant.*

---

## ORDER OF DISMISSAL

**TAPP, Judge.**

Pro se Plaintiff, Michelle Artice Gardner, seeks to recover $4,440,000 for a laundry list of claims, specifically including an uncompensated taking.[1] (*See* Compl. at 1, ECF No. 1; Compl. Ex. A (Civil Cover Sheet), ECF No. 1-1). Plaintiff also seeks to proceed *in forma pauperis* ("IFP application").[2] (IFP App., ECF No. 2). In the interest of judicial efficiency, the Court grants Plaintiff's IFP application; however, it dismisses the Complaint for lack of subject-matter

---

[1] This pleading is very similar to the pleading filed the same day and assigned to a different judge; that action was dismissed January 21, 2025. *Gardner v. United States*, No. 25-88 (Fed. Cl. filed Jan. 3, 2025) (Bonilla, J.). The Court further notes that within two weeks of this filing, Plaintiff filed a variety of suits before this Court. *Gardner v. United States*, No. 25-20 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-81 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-85 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-87 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-88 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-90 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-92 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-94 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-96 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-97 (Fed. Cl. filed Jan. 15, 2025).

[2] The Court notes that the IFP application is incomplete. Plaintiff lists that she is currently employed but fails to report the amount of wages or salary earned pursuant to Question 2(a), (IFP App. at 1). Further, some answers on this application differ from those on the same form in a different case before the undersigned. *Gardner v. United States*, No. 25-20 (ECF No. 2). However, the Court takes notice that Plaintiff's IFP Application was granted in Case Number 25-88. Given that, and because this case is dismissed on other grounds, the Court authorizes Plaintiff to proceed without prepayment of the required fees. 28 U.S.C. §§ 1914, 1915.

jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In every case, determining whether a court has subject-matter jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1988). The United States Court of Federal Claims is a specialty court, *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999), existing to provide an avenue for compensation for some claims against the United States. The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." As such, the Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

Under RCFC 12(b)(1), the burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although the pleadings of a pro se plaintiff are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While the Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys, *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987), even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

Among the various requirements to establish jurisdiction, a plaintiff must sue the correct party. *See U.S. ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 890, 894 (D.C. Cir. 1999) ("The determination of whether a particular action is properly asserted against a [party] is also a kind of logical prerequisite to the jurisdictional inquiry."). It is well established that the United States is the *only* proper defendant in the Court of Federal Claims. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (the Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]") (citations omitted); *see also* RCFC 10 ("The title of the complaint must name all the parties . . . with the United States designated as the party defendant[.]"). Stated differently, to successfully bring a claim in this Court the defendant must be—in all cases—the United States. 28 U.S.C. § 1491(a)(1); RCFC 10(a) (requiring that all complaints must designate the United States "as the party defendant.").

2

Here, Plaintiff asserts claims against a smattering of parties that are *not* the United States. Among the listed defendants are:

> EXECUTIVE OFFICE OF THE PRESIDENT (SUBSIDIARY OF EXECUTIVE OFFICE OF THE UNITED STATES GOVERNMENT, WASHINGTON DC) D-U-N-S 031 648897, DEPARTMENT OF THE TREASURY, THE PEOPLE OF THE STATE OF CALIFORNIA ACTING BY AND THROUGH THE CITY OF BELL, MAGUIRE THOMAS PARTNERS, James A. Thomas, DEBTOR ROBERT F. MAGUIRE III D-U-N-S 6198704, FIDELITY NATIONAL TITLE INSURANCE, NA, Marjorie Nemzura, UNION PACIFIC RAILROAD, CO585476 aka SOUTHERN PACIFIC TRANSPORTATION COMPANY of Delaware, SOUTHERN PACIFIC LAND CORPORATION, Nelson Rising Successor of Community Redevelopment Agency of City Los Angeles, County Assessor John Noguez, County Administrator Mark Hoffman, BANK OF ITALY fka BANK OF AMERICA, NA, DEUTSCHE BANK TRUST CORPORATION 187205, WELLS FARGO NATIONAL BANK, LOS ANGELES SCHOOLBOARD.

(Compl. at 1–2 (erratic capitalization in original)). Given the largely unintelligible nature of the Complaint, it is difficult to determine whether the United States is a party to any of the alleged claims. However, on a preliminary review, there appears to be no such implication. (*See e.g.*, *id.* at 33 ("In light of the foregoing, the plaintiff asserts that the actions of MAGUIRE THOMAS PARTNERSHIPS, ROBERT F. MAGUIRE, James A. Thomas, LOS ANGELES REDEVELOPMENT AGENCY SUCCESSOR NELSON C. RISING ET AL constitute fraud in the eminent domain process and amount to inverse condemnation.") The mere invocation of the United States, its agents, or agencies in the first page of the complaint is insufficient to establish this Court's subject-matter jurisdiction. *See Garner v. United States*, 85 Fed. Cl. 756, 773 (2009). Given that the Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees," nor does it possess jurisdiction over suits against private parties, dismissal is required. *See Anderson*, 117 Fed. Cl. at 331 (citing *Sherwood*, 312 U.S. at 588).

Even considering the substance of these murky claims, Plaintiff fares no better. Plaintiff, purporting to be an assignee of the Wicks family, alleges that their private property has been taken without compensation via eminent domain. (*See generally* Compl.). Speaking generally, Fifth Amendment Takings cases are within this Court's purview. However, Plaintiff's claim is outside the Court's statute of limitations. "To properly invoke this Court's jurisdictional authority to entertain a cause of action, a claim must be 'filed within six years after [it] first accrues.'" *Nolan v. United States*, 173 Fed. Cl. 669, 673 (2024) (quoting 28 U.S.C. § 2501); *see John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006) (six-year statute of limitations codified in § 2501 is "a jurisdictional requirement"), *aff'd*, 552 U.S. 130 (2008)). Despite filing this Complaint on January 3, 2025, Plaintiff plainly states these "Claims are older than *1776*." (Compl. at 3 (emphasis added)). Given Plaintiff's statement, and the inability to rewind to 1782, the takings claim is time-barred by the statute of limitations and must be dismissed.

Plaintiff also asserts that this takings case was, to some unknown degree, tainted by fraud. (Compl. at 1 (characterizing the allegations as based on "inverse condemnation due to fraud")). To the extent Plaintiff asserts tortious claims of fraud, this is outside the Court's jurisdiction. In the civil context, fraudulent misrepresentation is a tort, and the Tucker Act specifically excepts torts from this Court's jurisdiction. 28 U.S.C. § 1491 (granting jurisdiction to claims "not sounding in tort"); *Cycenas v. United States*, 120 Fed. Cl. 485, 491, 498 (2015) (dismissing claim against private individuals who allegedly made fraudulent misrepresentations in the plaintiff's bankruptcy proceeding); *Shearin v. United States*, 992 F.2d 1195, 1197 (1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Thus, any claim for fraud is also beyond this Court's jurisdiction.

The remainder of the Complaint cites the statutory schemes for "FRAUD AND OBSTRUCTION OF JUSTICE[,]" (Compl. at 25), "(18 U.S.C. 1503), WITNESS TAMPERING[,]" (*id*. at 25–26), and "(18 U.S.C. 1512), WITNESS RETALIATION[,]" (*id*. at 26–31), as well as the language from a 2017 Executive Order relating to human rights violations, (*id*. at 31–33). As courts have repeatedly held, merely reciting the elements of a cause of action does not suffice to state a claim. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even when affording Plaintiff the requisite liberal construction of her claims, she still fails to establish the Court's jurisdiction.

The first three schemes are derived from Title 18 of the United States Code, the primary legislative source for federal criminal law. *See* 18 U.S.C. (titled "Crimes and Criminal Procedure"). It is well settled that the Court of Federal Claims lacks jurisdiction over claims based on criminal statutes. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."). Thus, the Court need not further address criminal allegations.

Further, the recited portions of Executive Order 13,818 explicitly disavow the existence of a private right of action, thereby barring Plaintiff's claim. Exec. Order No. 13,818, 82 Fed. Reg. 60,839 (Dec. 26, 2017) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."); (Compl. at 12 (reciting this specific provision)). Even with the most generous interpretation of her claims, this Court does not have jurisdiction to hear claims of human rights violations not premised on a money-mandating provision of law. *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995) ("This court does not have jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision."); *see also Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[This] Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985."). As Plaintiff has failed to cite any statutory provisions that would support a monetary award for the alleged rights violations, the Court is unable to entertain this claim.

For the stated reasons, Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and her Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The

Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[3]

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[3] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.